# IN THE COURT OF APPEALS OF IOWA

No. 13-0065
Filed April 27, 2016

**ANGEL GARCIA-MIRANDA,**
      Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
      Respondent-Appellee.
_____

Appeal from the Iowa District Court for Muscatine County, Thomas G. Reidel, Judge.

Angel Garcia-Miranda appeals the district court's denial of his application for postconviction relief. **AFFIRMED.**

Steven J. Drahozal of Drahozal Law Office, P.C., Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik and Alexandra Link (until withdrawal), Assistant Attorneys General, for appellee State.

Considered by Danilson, C.J., Potterfield, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MAHAN, Senior Judge.**

A mother found her two young daughters severely beaten in their home; the older daughter died from her injuries. The State charged Angel Garcia-Miranda with murder in the first degree, attempted murder, willful injury, and child endangerment, and the case proceeded to trial. On the murder count, the jury was instructed the State would have to prove Garcia-Miranda either: (a) "acted willfully, deliberately, premeditatedly and with a specific intent to kill [the child]"; (b) "was participating in the forcible felony of Willful Injury"; (c) "was committing the offense of Child Endangerment, and [the child's] death occurred under circumstances showing an extreme indifference to human life"; or (d) "was committing the offense of Assault, and [the child's] death occurred under circumstances showing an extreme indifference to human life." The second alternative is known as the felony-murder rule. *See State v. Heemstra*, 721 N.W.2d 549, 552 (Iowa 2006).

A jury found Garcia-Miranda guilty as charged, and he appealed. While his appeal was pending, the Iowa Supreme Court overruled existing precedent relating to the felony-murder rule. *See id.* at 558 (holding "if the act causing willful injury is the same act that causes the victim's death, the former is merged into the murder and therefore cannot serve as the predicate felony for felony-murder purposes"). Appellate counsel filed a motion to amend Garcia-Miranda's appellate brief to include a *Heemstra* claim. The Iowa Supreme Court denied the motion to amend; the *Heemstra* court's substantive holding applied retroactively to cases pending on appeal only if the merger issue was "raised in the district court" (in Garcia-Miranda's case, the issue was not raised). *See id.* This court

subsequently affirmed Garcia-Miranda's convictions. *See State v. Garcia-Miranda*, No. 05-1870, 2007 WL 1345848, at *2-6 (Iowa Ct. App. May 9, 2007).

Garcia-Miranda filed an application for postconviction relief, raising a number of claims. Following a hearing, the district court denied the application in its entirety.

Garcia-Miranda now appeals, raising a single issue: "Appellate counsel had a duty to raise the *Heemstra* issue in a way that the holding applied to [him]," *i.e.*, "that failing to apply *Heemstra* to [him] would violate his right to equal protection under either the Iowa or United States Constitutions." This court has rejected similar arguments. *See, e.g.*, *Enderle v. State*, No. 12-1635, 2014 WL 956018, at *4 (Iowa Ct. App. Mar. 12, 2014); *Langdeaux v. State*, No. 10-1625, 2012 WL 1439077, at *7 (Iowa Ct. App. Apr. 25, 2012), *Dixon v. State*, No. 10-1691, 2011 WL 5867929, at *2-3 (Iowa Ct. App. Nov. 23, 2011); *Herrarte v. State*, No. 08-1295, 2011 WL 768763, at *2 (Iowa Ct. App. Mar. 7, 2011).

Garcia-Miranda's contention is similarly unpersuasive. The challenged classification is premised on defendants who preserved error and defendants who did not. Garcia-Miranda cites no authority holding that denial of retroactive application to defendants who fail to preserve error violates the equal protection clauses of the federal and state constitutions. Garcia-Miranda's attempted classification based on direct appeals that preserved the *Heemstra* issue and direct appeals that did not fails to trigger the protections of the equal protection clauses. Appellate counsel did not breach an essential duty in failing to raise this issue. *See State v. Brubaker*, 805 N.W.2d 164, 171 (Iowa 2011) ("We will not find counsel incompetent for failing to pursue a meritless issue.").

We affirm the denial of Garcia-Miranda's postconviction-relief application.

**AFFIRMED.**